NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1806

UNITED STATES OF AMERICA

v.

FLOYD HOHNEY,
a/k/a/ "Skeete"

Floyd Hohney,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 03-cr-00228-13)
District Judge: Hon. Freda Wolfson

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2008

Before: SLOVITER, STAPLETON and TASHIMA[*], Circuit Judges

(Filed November 3, 2008)

OPINION

---

[*] Hon. A. Wallace Tashima, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Appellant Floyd Hohney was convicted pursuant to a guilty plea of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Hohney has filed an appeal.  Counsel for Hohney has filed a motion to withdraw and submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Hohney was advised of his right to file a pro se brief in this court, but he has not done so.  Because Hohney has waived his right to appeal after being fully informed of the consequences, we will affirm and grant counsel's motion to withdraw.

Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal.  See Anders, 386 U.S. at 741-42, 744.  To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous."  United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000).

In order to fulfill our obligation to decide whether to accept counsel's Anders brief and permit counsel to withdraw, we review not only the brief itself but the record on appeal, in particular the colloquy held by the District Court to determine whether the guilty plea was entered knowingly and voluntarily, and whether the defendant's waiver of his right to indictment was knowing and voluntary.

The District Court conducted an extensive plea colloquy with Hohney on April 15, 2004. The prosecution recited the terms of the plea agreement. He noted that in the plea agreement, Hohney agreed that the conspiracy in which he was involved distributed at least 500 grams but not more than 1.5 kilograms of cocaine base, that he was a career offender, and that he was a minor participant. In response to the Court's inquiry, Hohney agreed that the summary of the terms of the plea agreement was accurate, that he read the plea agreement, and that he signed it after discussing the terms with his counsel.

Thereafter, the Court set forth the penalties for each of the counts to which Hohney pled guilty, i.e., under Count 1, the conspiracy charge, a statutory mandatory minimum of ten years imprisonment and a maximum penalty of life imprisonment and a maximum fine of $4,000,000, and under Count 34, the weapons charge, a maximum sentence of ten years. The Court systematically reviewed with Hohney the Sentencing Guidelines and its obligation to take into account, inter alia, the conduct in which Hohney engaged, the victim of his offense, and the role that he played. The Court's colloquy included the statement that under the plea agreement Hohney waived his right to trial. Even after the colloquy and the government's review of the plea agreement, which included a waiver of the right to appeal, the District Court reviewed the allegations of the offense with Hohney and the identity of his co-conspirators, as well as the identity of the firearms and ammunition possessed by Hohney. Hohney acknowledged his guilt of the crimes charged in the two counts to which he pled guilty. Thereafter, the District Court made a finding that Hohney is competent and capable of entering into the informed plea, that he is aware

of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. The District Court then accepted the guilty plea and adjudged Hohney guilty of Counts 1 and 34 of the superseding indictment. Although Hohney was subject to a guideline range of 262 to 327 months imprisonment, the Court sentenced Hohney to imprisonment for a term of 180 months.

In his <u>Anders</u> brief, counsel reviewed the facts, noted the waiver of appeal, and set forth that this court has held that a waiver of appeal is generally enforceable if it was "entered into knowingly and voluntarily, unless [it] work[s] a miscarriage of justice." <u>United States v. Khattak</u>, 273 F.3d 557, 558 (3d Cir. 2001). We reconfirmed that holding in our subsequent opinion in <u>United States v. Lockett</u>, 406 F.3d 207, 213 (3d Cir. 2005).

We are satisfied that counsel has made the conscientious examination required by <u>Anders</u>, and our independent examination leads us to agree with counsel that the appeal does not present any non-frivolous issues for review. For the reasons set forth, we will dismiss the appeal and grant counsel's motion to withdraw.